IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| U.S. BANK NATIONAL ASSOCATION, as Trustee for Asset Backed Funding Corporation Asset Backed Certificates, Series 2006 HE1, | § § § § § | |
| Plaintiff, | § § | |
| V. | § § | No. 3:25-cv-3305-B-BN |
| VICKIE D. WALTON and NEED A BREAK, INC., | § § § | |
| Defendant. | § § § | |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

In this lawsuit filed against a corporation and an individual – a nonlawyer proceeding *pro se* – in which the corporate defendant has failed to obtain counsel as established law requires, United States District Judge Jane J. Boyle has entered a Standing Order of Reference under 28 U.S.C. § 636(b) referring this lawsuit to the undersigned United States magistrate judge for pretrial management. *See* Dkt. No. 21.

The undersigned enters these findings of fact, conclusions of law, and recommendation that the Court should order that Defendant Need a Break, Inc. is now in default.

## Applicable Background

As the presiding judge, Senior United States District Judge Jane J. Boyle, explained in the Court's Order to Show Cause,

Plaintiff U.S. Bank National Association, as Trustee for Asset Backed Funding Corporation Asset Backed Certificates Series 2006 HE1[ ] ("U.S. Bank"), filed a Complaint on December 2, 2025 (Doc. 1), and served Defendants Vickie D. Walton and Need a Break, Inc. on December 10, 2025 (Docs. 6 & 7). Plaintiff U.S. Bank filed proof of service of process on December 12, 2025. *Id.* Defendant Walton, appearing pro se, filed her Answer on December 18, 2025. Doc. 8, Answer.

After reviewing the record, the Court noted Defendant Need a Break, Inc. has not filed an answer. Its answer was due on December 31, 2025. *See* FED. R. CIV. P. 12(a)(1)(A)(i). The Court further notes that in federal court, corporations cannot proceed pro se. *U.S. Commodity Futures Trading Comm'n v. Premium Income Corp.*, No. 3:05-cv-516-B, 2007 WL 429092, at *3 (N.D. Tex. Jan. 26, 2007) (Boyle, J.) (citing *Donovan v. Rd. Ranges Country Junction, Inc.*, 736 F.2d 1004, 1005 (5th Cir. 1984); *Sw. Express Co. v. Interstate Com. Comm'n*, 670 F.2d 53, 55 (5th Cir. 1982)).

Dkt. No. 9 at 1.

The Court "ORDER[ED] the following: By January 16, 2026, Defendant Need a Break, Inc. must file an Answer or SHOW CAUSE, in writing, why it has failed to do so." *Id.* at 2 (emphasis omitted). And the Court warned that "[f]ailure to comply with this Order may result in default judgment against Defendant Need a Break, Inc. without further notice." *Id.*

Need a Break filed a response to the Order to Show Cause, asking for a 30-day extension of time to obtain counsel and answer the complaint. *See* Dkt. No. 13. Defendants also filed two motions to the same effect. *See* Dkt. Nos. 14 & 15.

The Court granted the extension and ordered Need a Break "to appoint counsel by or before March 30, 2026." Dkt. No. 18.

Need a Break requested another extension. *See* Dkt. No. 19. The Court "grant[ed] the motion and extend[ed] the deadline for Defendant Need a Break, Inc.

to obtain counsel to April 7, 2026." Dkt. No. 20. And the Court warned that "[t]his is the final extension the Court will grant on this matter. Failure to comply with this Order may result in default against Defendant Need A Break, Inc. without further notice." *Id.*

On April 8, 2026, after Need a Break failed to obtain counsel by the April 7 deadline, Judge Boyle referred this lawsuit to the undersigned United States magistrate judge. *See* Dkt. No. 21.

## Discussion

Defendant Walton, as an individual, is permitted to proceed *pro se* – that is, to represent herself – in this action if she chooses to do so, and the Court will treat her as doing so going forward unless and until counsel of record makes an appearance on her behalf. *See* 28 U.S.C. § 1654 ("In all courts of the United States the *parties* may plead and conduct their own cases personally or by counsel as, by the rules of such courts, respectively, are permitted to manage and conduct causes therein.").

But, as Judge Boyle has explained, corporations cannot proceed *pro se*. *See* Dkt. No. 9 at 1 (citing *U.S. Commodity Futures Trading Comm'n v. Premium Income Corp.*, No. 3:05-cv-516-B, 2007 WL 429092, at *3 (N.D. Tex. Jan. 26, 2007) (Boyle, J.) (citing, in turn, *Donovan v. Rd. Ranges Country Junction, Inc.*, 736 F.2d 1004, 1005 (5th Cir. 1984); *Sw. Express Co. v. Interstate Com. Comm'n*, 670 F.2d 53, 55 (5th Cir. 1982))).

Nor can corporations be represented by non-attorneys. *See Shine TV Ltd. v. MasterChef, LLC*, No. 3:24-cv-963-B, 2024 WL 4327425, at *1 (N.D. Tex. June 25, 2024) ("While an individual can represent himself, … it is well established that

corporations and LLCs are fictional legal persons who can only be represented by

licensed counsel. … This is so even when the person seeking to represent the

corporation is its president and major stockholder." (cleaned up)).

And, so, Need a Break may not be represented by Walton or any other

individual who is not a licensed attorney.

> A defendant LLC's failing to hire counsel to represent it may result in appropriate measures, including possibly entering a default judgment against it. *See Moore v. Chiro One Wellness Ctr. of Arlington PLLC*, No. 3:13-cv-2950-N, 2014 WL 6901201 (N.D. Tex. Dec. 8, 2014); *Adonai Communications, Ltd. v. Awstin Invs., L.L.C.*, No. 3:10-cv-2642-L, 2012 WL 899271, at *1-*2 (N.D. Tex. Mar. 16, 2012); *Top Sales, Inc. v. Designer Vans, Inc.*, No. 3:96-cv-721-D, 1997 WL 786254, at *1-*2 (N.D. Tex. Dec. 11, 1997). Ultimately, "the appropriate measure for a judge to take when confronted with an unrepresented corporation is inherently discretionary." *Memon v. Allied Domecq QSR*, 385 F.3d 871, 873 (5th Cir. 2004) (footnote omitted).
>
> Likewise, Federal Rule of Civil Procedure 55 provides for entry of default judgments in federal court. According to Rule 55, after a defendant has been properly served with a summons and the operative complaint, if that defendant "against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, ... the clerk must enter the party's default." FED. R. CIV. P. 55(a). That is, "[a] default occurs when a defendant has failed to plead or otherwise respond to the complaint within the time required by the Federal Rules of Civil Procedure." *Harmon v. Nguyen*, No. 3:14-cv-2038-D, 2015 WL 5165166, at *2 (N.D. Tex. Sept. 1, 2015). In general, a defendant must serve an answer or otherwise respond "within 21 days after being served with the summons or complaint." FED. R. CIV. P. 12(a)(1)(A)(i). Once default has been entered, the Court may enter a default judgment against the defaulting defendant on the motion of the plaintiff. *See* FED. R. CIV. P. 55(b)(2).

*Shine TV Ltd. v. MasterChef, LLC*, No. 3:24-cv-963-B-BN, 2024 WL 2165394, at *3-

*4 (N.D. Tex. May 27, 2025) (cleaned up), *rec. adopted*, 2025 WL 2163786 (N.D. Tex.

July 29, 2025).

It is now past the latest court-ordered deadline for Need a Break to retain

counsel and direct counsel to enter an appearance on the record.

And, because Need a Break did not follow the Court's directive in the time allowed, it has prevented the prosecution of this case by being unrepresented by counsel, and it may not continue to proceed unrepresented by counsel in this case.

And, so, the undersigned recommends that the Court enter default as to Need a Break. *Cf. JMC Constr. LP v. Modular Space Corp.*, No. 3:07-cv-1925-B, 2008 WL 4531819 (N.D. Tex. Oct. 8, 2008) (collecting authority for the proposition "that '[d]efault judgments are a drastic remedy, not favored by the Federal Rules and resorted to by courts only in extreme situations'"; observing that, "[w]hile it is true that Defendants did not file an answer in response to the amended complaint, the history of the case shows Defendant has made an appearance in the case and has shown its intent to defend against all of Plaintiff's claims"; and denying motion for entry of default judgment (quoting *Sun Bank of Ocala v. Pelican Homestead & Sav. Ass'n*, 874 F.2d 274, 276 (5th Cir. 1989); citations omitted)).

The undersigned has considered the imposition of alternate sanctions short of entering default. And, considering all the circumstances, the undersigned finds that lesser sanctions would not serve the interests of justice or advance the disposition of this case on the merits.

## Recommendation

The Court should (1) order that Defendant Need a Break, Inc. is in default; (2) direct the Clerk of Court to enter default against Need a Break under Federal Rule of Civil Procedure 55(a); and (3) by an appropriate deadline to be set later (in

conjunction with U.S. Bank's claims against Walton), order that Plaintiff U.S. Bank National Association move for default judgment against Need a Break for failure to appear by and through counsel.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: April 8, 2026

_____

DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE

- 6 -